UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN CHESS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. MA, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1637 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment.[1] Presently before the court is plaintiff's motion to appoint counsel (ECF No. 5).

Plaintiff filed a form requesting the court appoint counsel as an accommodation under the Americans with Disabilities Act ("ADA") because he has visual, mobility, and hearing impairments. (ECF No. 5.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

////

---

[1] The court will issue a separate order screening the complaint and ruling on plaintiff's motion to proceed in forma pauperis.

1

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff claims the court should appoint counsel as a reasonable accommodation under the ADA. In support of the motion plaintiff attached exhibits showing his disabilities and accommodations, Test of Adult Basic Education ("TABE") score, and medical records documenting his vision problems. However, plaintiff fails to explain how these issues affect his ability to articulate his claims and it appears based on the proof of service forms attached to both the complaint and the motion to appoint counsel that plaintiff has prepared both documents himself. Further, the court is unable to ascertain plaintiff's likelihood of success on the merits at this stage. Thus, plaintiff has failed to show the presence of exceptional circumstances. Therefore, the motion to appoint counsel will be denied at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to appoint counsel (ECF No. 5) is denied without prejudice.

Dated: September 5, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/prisoner-civil rights/chess1637.mta

3